[Civ. No. 2182.    First Appellate District.—February 4, 1918.]

## JAMES WARD, Respondent, v. OTZEN PACKING COMPANY (a Corporation), Appellant.

NEGLIGENCE—STORING OF PRUNES—SUFFICIENCY OF EVIDENCE.—In this action by a prune grower against a packing company for damages in warehousing a lot of prunes, it is held that the evidence sufficiently shows that the damage was caused in storing the prunes in too close proximity to the pressing-room, from which steam and vapor escaped and came in contact with the prunes, causing them to become moldy and sugared.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.    Bernard J. Flood, Judge.

The facts are stated in the opinion of the court.

McPike & Murray, for Appellant.

William A. Kelly, for Respondent.

LENNON, P. J.—The plaintiff, James Ward, was, in 1914, conducting a prune orchard in Marin County.    He shipped three pickings, consisting of 13,175 pounds of prunes, to San Francisco, arriving on the nineteenth day of September, 1914. The prunes were delivered to the defendant, Otzen Packing Company, for final processing and packing in boxes.    When so processed and packed they aggregated some 527 boxes, which were then stored in the wareroom of the defendant, where they remained from the month of October, 1914, to the latter part of January, 1915, when they were examined and found to be moldy, sugared, and in poor condition.    The entire lot of prunes was finally sold at three cents per pound, with the exception of 112 pounds, which sold for one cent per pound.    The market price at that time was six cents per pound.

The plaintiff thereupon brought suit against the defendant corporation, charging that the defendant had negligently

warehoused the prunes and claiming damage in the amount of five hundred dollars. The court found that the allegations of negligence were true and that plaintiff was thereby damaged in the sum of five hundred dollars, minus $27.31, the amount of defendant's counterclaim for storage due. Judgment was accordingly rendered in favor of the plaintiff, from which judgment and from the order denying a new trial defendant prosecutes this appeal.

The only question presented is as to the sufficiency of the evidence to sustain the finding of negligence on the part of the defendant corporation.

It is contended that the evidence not only failed to show negligence on the part of the defendant in storing the prunes, but that it affirmatively showed that the condition of the prunes was caused by the failure of plaintiff to properly cure the prunes by sufficient sweating and drying. In this connection one Castle, a witness called upon behalf of the defendant, testified that "in very good weather—hot weather—five days would be the time for prunes to be on the trays." Another of defendant's witnesses, one Porter, testified that prunes should sweat from ten days to two weeks. In attempting to qualify these witnesses as experts it was disclosed that neither had ever personally dried prunes, and that their testimony was based purely upon observation. Hunsinger, a witness called upon behalf of the plaintiff, testified that he had been in the business of growing and selling prunes "off and on for thirty years," and that he had usually picked, stored, and dried the prunes himself; that he had personally looked after the drying and dipping of the prunes in question; that as the prunes dried they were put in the storehouse on the ranch of the defendant and there turned twice. In effect this witness further testified that the method and time employed for the preliminary processing a quantity of prunes as small as the "batch" of prunes in question was a sufficient preparation for their packing and shipping. Both Hunsinger and Ward testified that the prunes when shipped from the ranch were in "fine condition."

There was also testimony to the effect that the character of the weather is an important factor in determining the method and time to be employed in processing prunes; that the weather during the period of time the prunes in ques-

tion were drying was "first class" for that purpose—it was extra hot—and that while in "just moderate weather it takes from six to eight days" to dry prunes, still with extra hot weather they can be dried in four days, the time employed for the drying of the prunes in question.

Thus it would seem that there was a conflict not only in the evidence adduced upon the whole case, but even in the testimony of the witnesses for the defendant as to the time required for properly processing prunes. In the presence of such conflict, the finding of the trial court must prevail.

That the defendant negligently warehoused the prunes and that as a result of that negligence the prunes became moldy and sugared may be fairly inferred from the following facts adduced upon the trial of the case, to wit: The prunes were piled in boxes in the storeroom of defendant within twelve feet of a large opening into an adjoining room which the defendant used for the purpose of processing fruit, and through this opening steam and moisture "kept coming out all the time" into the storeroom where the plaintiff's prunes had been stored. The molding of prunes may occur from several causes, according to the testimony of expert witnesses; one cause is vapor and steam coming in contact with them. This was evidently the theory of Otzen, the president and manager of the defendant corporation, as to the cause of the damage to the plaintiff's prunes, who, upon cross-examination, admitted that he had told the plaintiff that "he didn't know any reason for it except the steam and moisture from the processing-room next door."

Under all of the circumstances of the case, the trial court was justified, we think, in finding that the defendant did not exercise the ordinary care required of it as a warehouseman, and that as a result of its negligence plaintiff was damaged.

The point made in support of the appeal that "there was a failure of direct evidence to justify the amount of the damage found" appears only in the closing brief of counsel for the defendant, where it is supported by an elaborate argument in conjunction with much mathematical calculation. But having been made only in the closing brief, we must decline to discuss it further than to say that a consideration of the evidence, direct and substantial, adduced upon the en-

tire case, in our opinion, sufficiently supports the trial court's finding.

The judgment and order appealed from are affirmed.

Kerrigan, J., and Beasly, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 4, 1918.